IN RE BRANNON.

[Cite as In re Brannon, 20 Ohio App. 2d 46.]

(No. 262—Decided February 26, 1969.)

*Mr. H. J. Stevenson* and *Mr. Roger W. McNaughton,* for petitioners, Karen Brannon and Joseph Brannon.

*Mr. Robert M. Strode,* for respondents, Albert Reckner and the Perry County Child Welfare Board.

*Per Curiam.* Karen Brannon and Joseph Brannon commenced this action in this court by filing a petition for a writ of habeas corpus alleging that they are entitled to

the custody of Rebecca Jane Brannon and are unlawfully deprived of such custody by Albert Reckner, Executive Secretary of the Perry County Child Welfare Board and Superintendent of the Children's Home, and by the Perry County Child Welfare Board.

Respondents were ordered to show cause for the detention of such child, and hearing was held before this court.

Respondents make no claim that they hold the child under any court order, rather they assert as their cause for detention an alleged permanent surrender of the child signed by Karen S. Hoffman on February 7, 1968, which instrument was admitted into evidence as "Respondent's Exhibit A."

Section 5103.15 of the Revised Code, provides:

"The parents, guardian, or other persons having the custody of a child, may enter into an agreement with any association or institution of this state established for the purposes of aiding, caring for, or placing children in homes, which has been approved and certified by the division of social administration, whereby such child is placed in the temporary custody of such institution or association; or such parent, guardian or other person may make an agreement surrendering such child into the permanent custody of such association or institution, to be taken and cared for by such association or institution, or placed in a family home.

*"Such agreement, provided for in this section, shall be in writing, on forms prescribed and furnished by the division,* and may contain any proper and legal stipulations for proper care of the child, and may authorize the association or institution when such agreements are for permanent care and custody to appear in any proceeding, for the legal adoption of such child, and consent to its adoption, as provided in Section 3107.06 of the Revised Code. The adoption order of the judge made upon such consent shall be binding upon the child and its parents, guardian or other person, as if such persons were personally in court and consented thereto, whether made party to the proceeding or not." (Emphasis added.)

Respondent's Exhibit A is the form prescribed by the

Department of Public Welfare, state of Ohio, for permanent surrender of a child, pursuant to authority of the foregoing section of the Revised Code.

The form lists Karen S. Hoffman as the mother of the child, and it is signed only by Karen S. Hoffman, with the space for the signature of the father being blank. The form provides: "If only one parent signs explain legal basis." The explanation appearing on the form is the typed portion which reads: "child was born out of wedlock." This was in spite of the fact that Karen was married to Paul Hoffman from 1959 until October 26, 1968, and the child was born on October 15, 1966. Further, Mr. Reckner, who testified that he filled out the form, also testified that he knew that Karen, the mother, was married to Paul Hoffman both when the child was conceived and when she was born. Such a child is born in wedlock with a presumption that the husband is the father of the child, and when Exhibit A was executed there never had been any proper legal proceeding to determine otherwise. Mr. Reckner, as Executive Secretary of the Perry County Child Welfare Board, had no authority to make such determination even with notice to the husband, let alone make such determination without notice.

Next, it is noted that the form requires signatures of two witnesses. However, it is undisputed that Florence Slatzer, one of the two witnesses, neither saw Karen S. Hoffman sign nor heard her acknowledge her signature. Mr. Reckner admits to having secured her signature as a witness out of the presence of Karen Hoffman.

The form then provides for signatures of the members of the Child Welfare Board accepting such child or for the executor of the board to sign if he has been authorized.

Albert Reckner signed as Executive Secretary of the Child Welfare Board, but no evidence was offered of his authorization to so act, nor was the acknowledgment completed as provided for on the form.

Karen Hoffman had telephoned Mr. Reckner and asked to see him on February 7, 1968. She was without funds

and desperate at that time. She was not advised of any way in which she might get temporary help, and Mr. Reckner states that the possibility of temporary custody was not discussed. He is unable to state whether Karen read Exhibit A. She states that she did not and that she believed custody would be temporary, that she had asked only for help until she could again assume support and that when adoption was mentioned she clearly stated that she would not agree to adoption. There is no testimony that she ever did agree to adoption. Nellie Reckner testified that she saw Karen only a few minutes before she signed but talked to her at length afterward.

Karen has since filed a written withdrawal of consent, whether permanent or temporary.

It is our finding that the evidence relative to execution of Respondents' Exhibit A is insufficient to effect a permanent surrender of Rebecca Jane Hoffman to the Perry County Child Welfare Board and, therefore, insufficient to show cause for denying a writ of habeas corpus to Karen S. Hoffman, now Karen Brannon, as prayed for.

It is decreed that a writ of habeas corpus be issued ordering the production and release, by the Perry County Child Welfare Board, and Albert Reckner, Executive Secretary of such board and Superintendent of the Children's Home, of the body of Rebecca Jane to her mother Karen S. Brannon.

Such child having been ordered released to the mother, the petition of Joseph Brannon becomes moot and is dismissed.

*Judgment accordingly.*

VAN NOSTRAN, P. J., RUTHERFORD and PUTNAM, JJ., concur.